IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JOHN STAGLIANO, INC. d/b/a EVIL ANGEL PRODUCTIONS, INC., <br> Plaintiff, <br><br> v. <br><br> DOES 1 – 14, <br> Defendants. | * * * * * * * * * * | Civil Action No. 12-cv-01208-AW |

*****************************************************************************

**Order**

Pending before the Court is Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.  Doc. No. 8.  Plaintiff John Stagliano, Inc., d/b/a/ Evil Angel Productions, Inc., filed this action against 14 John Doe defendants for trademark infringement.  Plaintiff allegedly owns the Evil Angel trademark and has exclusive distribution rights to all Evil Angel-branded movies.  Compl. ¶¶ 11, 19.  The Court notes that this trademark infringement action is distinguishable from the ever-growing cluster of "John Doe" BitTorrent-related copyright infringement actions presently before this Court.[1]  Although the factual allegations against Defendants are the same—relating to Defendants' participation in a BitTorrent swarm to obtain unauthorized materials—Plaintiff stakes a claim under the Latham Act which, needless to say, precipitates relief on an entirely different set of facts and circumstances.

Plaintiff alleges that an unauthorized copy of its Evil Angel trademark has been placed on a movie that is being illegally distributed over the Internet by peer-to-peer file-sharing technology.  Plaintiff claims to know the Internet Protocol address ("IP address") of each

---

[1] The vast majority of those cases, as well as the instant one, have been brought by the same attorney, a Jon Alexander Hoppe of the firm Maddox Hoppe Hoofnagle and Hafey LLC, located in Largo, Maryland.

defendant who has distributed the unauthorized copy, but not their real names, addresses, or other identifying information. As such, Plaintiff seeks limited discovery from the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and serve them with process.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Because this Court has strong doubts as to the viability of Plaintiff's trademark infringement claims against the putative Defendants, it declines to grant an exception permitting discovery prior to service of process. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that discovery prior to service of process would not be proper if "it is clear that … the complaint would be dismissed on other grounds.").

Plaintiff's trademark infringement claim is governed by the Lanham Act. Under the Lanham Act, infringement of federally registered trademarks occurs when the accused, without the trademark owner's consent, uses the trademark "in commerce" and "in connection with the sale, offering for sale, distribution or advertising of any goods or services" in a way that is likely to "cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Plaintiff alleges that Defendants have violated 15 U.S.C. § 1114(1)(a), *see* Compl. ¶ 54, but fails to provide sufficient factual allegations that that Defendants sold, distributed, or advertised any goods bearing Plaintiff's trademark "in commerce." Rather, Plaintiff alleges that Defendants acted together in a swarm to obtain a copy of a movie bearing Plaintiff's unauthorized trademark.

Although Plaintiff may have a right of action against the individual or individuals who created this counterfeit copy for distribution, the Court fails to see how Plaintiff's allegations support a claim for trademark infringement against the putative Defendants.  *See Patrick Collins, Inc. v. Does 1–26*, Civ. No. 11-cv-7247, 2011 WL 6934105, at *5 (E.D. Pa. Dec. 30, 2011) (denying motion to expedite discovery based in part on doubts as to the viability of plaintiff's trademark infringement claim). Accordingly, it is, this 25th day of April, 2012, ordered that:

1) Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, Doc. No. 8, is DENIED; and

2) The Clerk transmit a copy of this Order to Counsel.

>                              /s/
> Alexander Williams, Jr.
> UNITED STATES DISTRICT JUDGE